UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN M. BURMASTER,

        Plaintiff,

    v.                                      17-CV-1290
                                                  Decision & Order

PFIZER INC.,

        Defendant.

---

On December 12, 2017, the pro se plaintiff, Brian M. Burmaster, commenced this action against Pfizer, Inc., alleging the violation of his civil rights as well as a civil RICO claim. Docket Item 1. On January 29, 2018, this Court referred the case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 6. On January 26, 2018, the defendant moved to dismiss, Docket Item 3; on February 15, 2018, and March 16, 2018, the plaintiff responded, Docket Item 9, 11; and on February 26, 2018, the defendant replied, Docket Item 10. On April 23, 2018, Judge Scott issued a Report and Recommendation ("R&R") finding that the defendant's motion to dismiss should be granted. Docket Item 13.

On May 9, 2018, the plaintiff objected to the R&R, arguing that Pfizer is culpable for not demanding that the federal government "cease and desist" using Pfizer pharmaceuticals. Docket Item 14. He also insists that service was proper. *Id.* On May 23, 2018, the defendant responded to the objections. Docket Item 15. On June 20, 2018, the plaintiff replied and raised a series of judicial and prosecutorial acts by federal officers or foreign nations as a pattern of racketeering activity. Docket Item 17.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This Court therefore reviews Judge Scott's R&R de novo.

This Court has carefully reviewed the thorough and thoughtful R&R; the objection, response, and reply; and the pleadings and materials submitted to Judge Scott. Based on that review, the Court accepts and adopts Judge Scott's recommendation to grant the defendant's motion in its entirety. The plaintiff cites no authority for his assertion that Pfizer had a duty to prevent the United States government from recommending or using its pharmaceuticals in an FDA-approved manner, nor has he made a colorable claim that anything Pfizer did or manufactured injured him in any way. Docket Item 14 at 2. The plaintiff's argument that he "really [doesn't] understand" why the mandates of Rule 4 for service of process are necessary, Docket Item 14 at 4, does not make those requirements any less applicable. The plaintiff has not given any reason why venue in this district is in any way appropriate. Finally, the plaintiff has repeatedly failed to submit a RICO Case Statement in accordance with W.D.N.Y. Loc. Civ. R. 9; and regardless, the activity he identifies as a pattern of racketeering, Docket Item 17 at 5, bears no connection to the defendant he has sued.

For all these reasons and for the reasons in Judge Scott's R&R, the defendant's motion to dismiss, Docket Item 3, is GRANTED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court shall close the file.

SO ORDERED.

Dated:     November 2, 2018
           Buffalo, New York


  *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE